TESLA, INC.
Brian M. Jazaeri, Bar No. 221144
bjaz@tesla.com
Franklin P. Brannen, Jr. (*pro hac vice* forthcoming)
fbrannen@tesla.com
Allison Huebert (*pro hac vice* forthcoming)
ahuebert@tesla.com
1 Tesla Road
Austin, Texas 78725
Tel: +1.512.557.8797

MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader, Bar No. 149638
david.schrader@morganlewis.com
Nicolette L. Young, Bar No. 280810
nicolette.young@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Brian M. Ercole (*pro hac vice* forthcoming)
brian.ercole@morganlewis.com
600 Brickell Ave, Suite 1600
Miami, FL  33131-3075
Tel: +1.305.415.3000
Fax: +1.305.415.3001

Attorneys for Defendant
TESLA, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN COHEN, on behalf of himself and all others similarly situated, | Case No. 2:23-cv-7057 |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | State Court Case No.: 23STCV17233 |
| TESLA, INC., a California and Texas Corporation; and DOES 1 through 50, Inclusive, | |
| Defendant. | Date Filed:    July 21, 2023<br>Date Served:  July 27, 2023 |

TO THE CLERK OF THE CENTRAL DISTRICT OF CALIFORNIA AND
PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441, and
1446, Defendant Tesla, Inc. dba Tesla Motors, Inc. ("Defendant" or "Tesla"), by
and through its counsel, hereby removes the above-entitled action from the Superior
Court of the State of California, County of Los Angeles, to the United States
District Court for the Central District of California:

## I.      PROCEDURAL BACKGROUND

1.      On July 21, 2023, Plaintiff Sean Cohen ("Plaintiff") filed an unverified
class action complaint (the "Action") in the Superior Court of the State of
California, County of Los Angeles, titled *Sean Cohen, on behalf of himself and all
others similarly situated v. Tesla, Inc. a California and Texas Corporation; and
DOES 1 through 50, Inclusive*, Case No. 23CV035176.  The Complaint alleges six
causes of action: (1) common law fraud; (2) negligent misrepresentation ; (3) unjust
enrichment; (4) Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et seq.; (5)
violation of the False Advertising Law, California Business and Professions Code §
17500, et seq.; and (6) Violation of the Unfair Competition Law, California
Business and Professions Code § 17200 et seq.

2.      Plaintiff filed the Action as an unlimited civil case (exceeds $25,000)
and seeks compensatory, statutory, and punitive damages according to proof at trial,
along with attorneys' fees.

3.      On July 27, 2023, Plaintiff served Defendant Tesla with the Summons,
Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of
Location, Complaint, ADR Information Packet, First Amended General Order re:
Mandatory Electronic Filing, and Notice of Case Assignment.  Pursuant to 28
U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the
Complaint and all accompanying documents served upon Tesla in the Action.  On
July 25, 2023, Plaintiff filed a Peremptory Challenge to the Judicial Officer, which

1   is attached hereto as **Exhibit B**.  On August 2, 2023, the Court issued a Minute

2   Order re: Peremptory Challenge to Judicial Officer, which is attached hereto as

3   **Exhibit C**.  On August 3, 2023, the Court issued a Minute Order re: Case

4   Reassignment, which is attached hereto as **Exhibit D**.

5           4.      The Summons, Complaint, Notice of Case Assignment, Notice of Case

6   Management Conference, ADR Information Packet, Civil Case Cover Sheet,

7   Plaintiff's Peremptory Challenge, and the August 3 Minute Order (attached as

8   Exhibits A, B, and D) constitute the entirety of the process, pleadings, and orders

9   that have been filed and served in this case to date.

10          5.      Tesla maintains its right to compel arbitration of Plaintiff's claims,

11  consistent with multiple arbitration agreements that Plaintiff entered into with

12  Tesla.  In addition, Tesla disputes that Plaintiff has pled a claim, that Plaintiff is

13  entitled to any damages, or that any class could be certified in this case.

14  **II.     REMOVAL IS TIMELY**

15          6.      Tesla has timely filed this Notice of Removal under 28 U.S.C.

16  § 1446(b) because it is filed within thirty days of the July 27, 2023 service of the

17  Summons and Complaint on Tesla.  *Murphy Bros., Inc. v. Michetti Pipe Stringing,*

18  *Inc.*, 526 U.S. 344, 354 (1999) (explaining that thirty-day removal period begins to

19  run on the date of service).  No previous Notice of Removal has been filed or made

20  with this Court for the relief sought herein.

21  **III.    THIS COURT HAS SUBJECT MATTER JURISDICTION**

22          7.      This Court has original subject matter jurisdiction on two independent

23  grounds:  (1) traditional diversity jurisdiction under 28 U.S.C. § 1332(a); and (2)

24  jurisdiction under the Class Action Fairness Act pursuant to 28 U.S.C. § 1332(d).

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

A.      **Removal Under 28 U.S.C. § 1332(a)(1) Is Proper**

8.      Removal to this Court is proper under 28 U.S.C. § 1332 because (i) this Action involves citizens of different states and (ii) Plaintiff's individual claims place more than $75,000 in controversy, exclusive of interests and costs.[1]

1.      **Diversity Of Citizenship Exists**

9.      A case may be heard in federal court under traditional diversity jurisdiction if there is complete diversity, i.e., all plaintiffs are diverse from all defendants.  28 U.S.C. § 1332(a).  A defendant may remove an action to federal court under 28 U.S.C. § 1332, provided no defendant is a citizen of the same state in which the action was brought.  28 U.S.C. § 1441(a), (b).  Here, all requirements are met because Plaintiff is a citizen of California, while Tesla is a citizen of Texas and Delaware.

a.      **Plaintiff Is A Citizen Of California**

10.      Plaintiff admits that he is a resident of California and lives in Los Angeles County.  Ex. A (Compl. ¶ 10).  Therefore, Plaintiff is a citizen of California for diversity jurisdiction purposes.  28 U.S.C. § 1332(c)(1); *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal 2002) ("An individual is a citizen of the state in which he is domiciled."); *Lew v. Moss*, 797 F. 2d 747, 750 (9th Cir. 1986) (holding that for purposes of diversity, citizenship is determined by the individual's domicile when the lawsuit is filed).

b.      **Tesla Is Not A Citizen Of California**

11.      For purposes of diversity, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1);

---

[1] Tesla reserves the right to supplement or provide the Court with additional briefing or information necessary to assess the diversity requirements for jurisdiction.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) (noting that a party may "cure[] its defective allegations … by amending its notice of removal.").

1   *see also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009)

2   (citing 28 U.S.C. § 1332(c)(1)).

3       12.     The Supreme Court of the United States has held that a corporate

4   entity's "principal place of business" for determining its citizenship is its "nerve

5   center":

6           We conclude that "principal place of business" is best read as referring
            to the place where a corporation's officers direct, control, and
7           coordinate the corporation's activities. It is the place that Courts of
            Appeals have called the corporation's "nerve center." **And in practice**
8           **it should normally be the place where the corporation maintains its**
            **headquarters -- provided that the headquarters is the actual center**
9           **of direction, control, and coordination, i.e., the "nerve center"** and
            not simply an office where the corporation holds its board meetings[.]
10

11

12   *The Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (emphasis added).

13       13.     Plaintiff alleges that Tesla has "has corporate headquarters located in

14   Texas."  Ex. A (Compl. ¶ 11.)  Plaintiff is correct that Tesla's principal place of

15   business and headquarters are in Austin, Texas.[2]  In addition, Tesla is now, and was

16   at the time of the filing of this Action, a corporation organized and formed under

17   the laws of the State of Delaware.

18       14.     Therefore, Tesla is a citizen of a state other than California within the

19   meaning of 28 U.S.C. §1332(c)(1).  Specifically, at all relevant times, Tesla has

20   been a citizen of Delaware and Texas.  *See Sare v. Tesla, Inc.* No. 222-CV-00547-

21   JAM-CKD, 2022 WL 2817422, at *3 (E.D. Cal. July 19, 2022) ("The Court

22   therefore finds Tesla is a citizen of both Delaware, its place of incorporation, and

23   Texas."); *Monet v. Tesla, Inc.*, No. 5:22-CV-00681-EJD, 2022 WL 2714969, at *2

24

25   _____

26   [2] Tesla's Form 10-K for the fiscal year ended December 31, 2022, which is a public document
     and publicly accessible through the United States Securities and Exchange Commission's
27   website, lists Delaware as Tesla's State of Incorporation and 13101 Tesla Road, Austin, Texas as
     Tesla's principal executive offices:
28   https://www.sec.gov/Archives/edgar/data/1318605/000095017023001409/tsla-20221231.htm.

(N.D. Cal. July 13, 2022) ("Defendant [Tesla] is now a citizen of Texas and Delaware").

15.     The citizenship of "Doe" defendants is disregarded for removal purposes.  28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding that for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).  Thus, the inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on the ability to remove.

16.     Accordingly, the diversity requirement is satisfied given that Plaintiff is a citizen of California, and Defendant Tesla is a citizen of Delaware and Texas.

## 2.     The Amount In Controversy Exceeds $75,000

17.     This Court has original jurisdiction over civil actions when the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.  28 U.S.C. §1332(a).  Although the Complaint does not allege the amount of damages as to each claim, removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $75,000.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

18.     To satisfy the amount-in-controversy requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).  The "amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court."  *Id.*

19.     It is well-settled that in alleging the amount in controversy, "a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages."  *Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, at *2 (C.D. Cal. Apr. 28, 2015).  Nor is a removing defendant "required to comb through

1  its records to identify and calculate the exact frequency of [alleged] violations."

2  *Oda v. Gucci Am., Inc.*, No. 2:14–cv–7468–SVW2015, 2015 WL 93335, at *5

3  (C.D. Cal. Jan. 7, 2015).  In short, defendants "are not stipulating to damages

4  suffered, but only estimating the damages that are in controversy."  *Ibarra v.*

5  *Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015)

6      20.    Here, although Tesla denies Plaintiff's factual allegations and denies

7  that it is liable for any amount of damages, the amount in controversy based on

8  Plaintiff's claims and allegations in the Complaint exceeds $75,000, exclusive of

9  interest and costs.  *Singer v. State Farm Mut. Auto Ins. Co.,* 116 F.3d 373, 376-77

10  (9th Cir. 1997).

11      21.    This Action allegedly "arises out of Defendant Tesla's the [sic]

12  unlawful marketing and false '3 Years Free Supercharging' advertising scheme

13  Defendant Tesla perpetuated for its 'Model S' and 'Model X' vehicles."  Ex. A

14  (Compl. ¶ 1).

15      22.    Plaintiff further alleges that he "would not have bought a unit of the

16  Products from Defendant Tesla if he had known that the advertising as described

17  herein was false, misleading, and deceptive."  *Id.* ¶ 19; *see also id.* ¶ 45 ("Plaintiff .

18  . . would not have bought the Products if they had known the true facts").

19      23.    Based upon this allegation, Plaintiff claims that he is entitled to

20  restitution and disgorgement in the amount of the purchase price of his vehicle.  *Id.*

21  ¶ 48 ("Tesla has been unjustly enriched in retaining the revenues derived from

22  Plaintiff's and Class Members' purchases of the Products"); ¶ 61 (seeking

23  "restitution of any ill-gotten gains"); ¶ 70 (seeking "restitution and/or disgorgement

24  of all revenues, earnings, profits, compensation, and benefits which may have been

25  obtained by Defendant Tesla as a result of such business acts or practices"); ¶ 80

26  (seeking an order "awarding Plaintiff restitution of the money wrongfully acquired

27  by Defendant Tesla"); Prayer for Relief ¶ F (seeking "equitable monetary relief,

28  including restitution and disgorgement of all ill-gotten gains").

24.     Plaintiff purchased a Model X vehicle from Tesla in April 2023 and took delivery "on approximately April 22, 2023." *Id.* ¶ 17.  Plaintiff does not allege what he paid; however, records show that he purchased a Model X vehicle for $102,130.  A true and correct copy of Plaintiff's Retail Installment Sale Contract dated April 22, 2023 is attached hereto as **Exhibit E**.  Thus, his claim for restitution alone meets the jurisdictional amount.

25.     Plaintiff also seeks an award of attorneys' fees.  Ex. A (Compl., Prayer for Relief ¶ D).  Tesla denies Plaintiff's entitlement to any recovery or attorneys' fees and intends to vigorously defend itself.  In that process, Plaintiff will likely incur substantial attorneys' fees that further add to the jurisdictional amount.  *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793-794 (9th Cir. 2018) (noting that where the law entitles the plaintiff to an award of attorneys' fees if successful, "such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy").

26.     Plaintiff seeks punitive damages, too.  Ex. A (Compl. ¶ 62 ("Plaintiff seeks actual damages and punitive damages."); Prayer for Relief ¶ E).  The CLRA authorizes punitive damages.  Cal. Civ. Code § 1780(a)(4).  Tesla denies Plaintiff's entitlement to any punitive damages but notes that if successful, punitive damages further increases the amount in controversy over the $75,000 threshold. *Greene v. Harley-Davidson, Inc*., 965 F.3d 767, 773 (9th Cir. 2020) (noting that alleged punitive damages can be included in the amount in controversy if they are "reasonably possible").

27.     Accordingly, the jurisdictional amount needed to establish diversity jurisdiction is met.  Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2), and the Action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

B.    **This Court Has Original Subject Matter Jurisdiction Under CAFA**

28.    Plaintiff seeks to bring this Action as a putative class action under Cal. Code Civ. Proc. § 382.  *See* Ex. A (Compl. ¶ 22).  Removal based on CAFA diversity jurisdiction is proper because (i) the aggregate number of putative class members is 100 or greater; (ii) diversity of citizenship exists between the Plaintiff and one or more Defendants; and (iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453.  Tesla denies Plaintiff's factual allegations and denies that Plaintiff, or the class he purports to represent, is entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and his prayers for relief, all requirements for jurisdiction under CAFA have been met.[3]  Accordingly, diversity of citizenship exists under CAFA, and this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d)(2).

1.    **The Putative Class Has More Than 100 Members**

29.    Plaintiff asserts claims on behalf of a putative class comprised of "[all consumers who purchased units of the Products in California for personal use and not for resale during the time period May 17, 2019, through the present."  Ex. A (Compl. ¶ 23).  The "Products" are Model S and Model X vehicles.  *Id.* ¶ 1.  Tesla sold well over 1000 Model X vehicles and well over 1000 Model S vehicles in California during the alleged class period.  Accordingly, 28 U.S.C. § 1332(d)(5)'s requirement of at least 100 class members is satisfied.

2.    **Diversity of Citizenship Exists**

30.    To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, one putative class member is a citizen of a state different from that of one defendant.  28 U.S.C. § 1332(d)(2);

---

[3] Defendant does not concede, and reserves the right to contest at the appropriate time, Plaintiff's allegations that this Action can properly proceed as a class action.  Defendant does not concede that any of Plaintiff's allegations constitute a cause of action against it under applicable law.

1  *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv.*
2  *Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th
3  Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original
4  diversity jurisdiction for class actions meeting the minimal diversity requirement
5  set forth in 28 U.S.C. § 1332(d)(2)).

6      31.   Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a
7  citizen of every State and foreign state by which it has been incorporated and of the
8  State or foreign state where it has its principal place of business."  28 U.S.C.
9  § 1332(c)(1).  The "principal place of business" for the purpose of determining
10  diversity subject matter jurisdiction refers to "the place where a corporation's
11  officers direct, control, and coordinate the corporation's activities….[I]n practice it
12  should normally be the place where the corporation maintains its headquarters—
13  provided that the headquarters is the actual center of direction, control, and
14  coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation
15  holds its board meetings[.]"  *Hertz*, 559 U.S. at 92-93.

16      32.   As established above, Plaintiff is a citizen of California, and Defendant
17  Tesla is a citizen of Delaware and Texas.  *See supra*, ¶¶ 9-16.

18      33.   Accordingly, minimal diversity is satisfied, and diversity jurisdiction
19  exists under CAFA.  28 U.S.C. § 1332(d)(2)(A) (requiring only minimal diversity
20  under which "any member of a class of plaintiffs is a citizen of a State different
21  from any defendant").

22              **3.   The Amount In Controversy Exceeds $5,000,000**

23      34.   Pursuant to CAFA, the claims of the individual members in a class
24  action are aggregated to determine if the amount in controversy exceeds
25  $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).  Where, as
26  here, a plaintiff does not expressly plead a specific amount of damages, a removing
27  party need only show that it is more likely than not that the amount in controversy

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

11                                    NOTICE OF REMOVAL

exceeds the jurisdictional amount. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

35.     A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). "[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005).

36.     As set forth above, a removing defendant is "not required to comb through its records to identify and calculate the exact frequency of violations." *Oda*, 2015 WL 93335, at *5. Nor is it "obligated to research, state, and prove the plaintiff's claims for damages." *Sanchez*, 2015 WL 12765359, at *2.

37.     Moreover, the ultimate inquiry is what amount is put "in controversy" by a plaintiff's complaint, not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (explaining that courts are directed "to first look to the complaint in determining the amount in controversy") (citation omitted). In other words, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citation omitted); *see also LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed, because "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra*, 775 F.3d at 1198 n.1 ("[e]ven when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial").

38.     Although Defendant denies Plaintiff's factual allegations and that Plaintiff (and the class he seeks to represent) can bring his claims in court or is entitled to any relief, Plaintiff's allegations have put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[4]

39.     As established above, Plaintiff seeks restitution in the amount of the purchase price of each vehicle. *See supra*, ¶ 23. Taking Plaintiff's allegations as true solely for purposes of establishing the amount in controversy, Plaintiff's request for restitution on behalf of the putative class exceeds $5 million.

40.     Since May 17, 2019, the Model X base price has exceeded $70,000. Plaintiff's Model X purchase price, for instance, was $102,130. Tesla sold well over 1000 Model X vehicles in California during the alleged class period. Therefore, the amount in controversy for Model X class members alone well exceeds the $5 million threshold.

41.     In addition, since May 17, 2019, the Model S base price has exceeded $65,000. Tesla sold over 1000 Model S vehicles in California during the alleged class period. On its own, restitution in connection with class members who purchased Model S vehicles brings the amount in controversy over $5 million.

42.     In fact, between April 1, 2023 and June 30, 2023, Tesla sold more than 500 total Model X and S vehicles in California. Accordingly, the amount in

---

[4]     This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendant's references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy, as alleged, is more likely than not in excess of the jurisdictional minimum. Defendant maintains that each of Plaintiff's claims is subject to arbitration and without merit, and that Defendant is not liable to Plaintiff or any putative class member. Defendant expressly denies that Plaintiff or any putative class member is entitled to recover any of the relief sought in the Complaint. In addition, Defendant denies that liability or damages can be established on a class-wide basis. No statement or reference contained in this Notice of Removal shall constitute an admission of liability or a suggestion that Plaintiff will or could bring claims in this forum, much less actually recover any damages based upon the allegations contained in the Complaint or otherwise.

controversy during that period of 2023 alone exceeds the jurisdictional minimum for CAFA.

43.    Lastly, Plaintiff's allegations for punitive damages and attorneys' fees further add to the jurisdictional amount.  *See supra,* ¶¶ 25-26.

44.    Accordingly, the amount in controversy well exceeds the CAFA threshold.

### 4.    Neither The Home State Exception Nor The Local Controversy Exception Applies

45.    Plaintiff cannot satisfy his "burden" of showing an exception to CAFA jurisdiction.  *See, e.g., Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003) ("Since 1948, therefore, there has been no question that whenever the subject matter of an action qualifies it for removal, the burden is on a plaintiff to find an express exception").

46.    In limited circumstances, a federal district court may decline to exercise jurisdiction over a class action under the home-state exception where "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the state in which the class action was originally filed."  28 U.S.C. § 1332(d)(3).

47.    Likewise, the local-controversy exception only applies if the defendant is "a citizen of the State in which the action was originally filed."  28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).

48.    Here, Tesla is the only named defendant.  Tesla is not a citizen of California.  Thus, no CAFA exception applies.

## IV.    VENUE

49.    This Action was originally filed in the Superior Court for the County of Los Angeles.  Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

1

**V.**     **NOTICE**

2          50.     Defendants will promptly serve this Notice of Removal on all parties

3    and will promptly file a copy of this Notice of Removal with the clerk of the state

4    court in which the action is pending, as required under 28 U.S.C. § 1446(d).

5    **VI.**    **CONCLUSION**

6          51.     Based on the foregoing, Tesla removes the Action to this Court.  If any

7    question arises as to the propriety of the removal of this Action, Tesla respectfully

8    requests the opportunity to present a brief and oral argument in support of their

9    position that this case is subject to removal.

10

11

12

13   Dated: August 25, 2023          By:   */s/ David L. Schrader*

14                                         David L. Schrader
                                           Brian M. Ercole
15                                         Nicolette L. Young
                                           MORGAN, LEWIS & BOCKIUS LLP
16
                                           Brian M. Jazaeri
17                                         Franklin P. Brannen, Jr.
                                           Allison Huebert
18                                         TESLA, INC.

19                                         *Attorneys for Defendant Tesla, Inc.*

20

21

22

23

24

25

26

27

28

# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
07/27/2023
CT Log Number 544384654

## Service of Process Transmittal Summary

TO:     LEGAL DEPARTMENT - SOP
        TESLA, INC.
        901 PAGE AVE
        FREMONT, CA 94538-7341

RE:     **Process Served in California**

FOR:    Tesla, Inc.  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | SEAN COHEN, on behalf of himself and all others similarly situated vs. TESLA, INC |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Class Action Complaint, Attachment(s), Order(s), Notice |
| **COURT/AGENCY:** | Los Angeles County - Superior Court, CA<br>Case # 23STCV17233 |
| **NATURE OF ACTION:** | PRAYER FOR RELIEF |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/27/2023 at 12:33 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you |
| **ATTORNEY(S)/SENDER(S):** | Shalini Dogra<br>DOGRA LAW GROUP PC<br>2219 Main Street, Unit 239<br>Santa Monica, CA 90405<br>747-234-6673 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/28/2023, Expected Purge Date: 08/02/2023<br><br>Image SOP<br><br>Email Notification,  LEGAL DEPARTMENT - SOP  legalsop@tesla.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the

Exhibit A, Page 0016



**CT Corporation**
**Service of Process Notification**
07/27/2023
CT Log Number 544384654

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Exhibit A, Page 0017

 Wolters Kluwer

## PROCESS SERVER DELIVERY DETAILS

**Date:**                              Thu, Jul 27, 2023
**Server Name:**                       Jimmy Lizama

| Entity Served | TESLA INC |
|---|---|
| Case Number | 23STCV17233 |
| Jurisdiction | CA |

| Inserts | |
|---|---|
| | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>Tesla, Inc. , a California and Texas Corporation; and DOES 1 through 50, Inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>Sean Cohen, on behalf of himself and all others similarly situated | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>7/24/2023 7:33 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By D. Jackson Aubry, Deputy Clerk |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Spring Street Courthouse-Complex Div.<br>**312 North Spring Street, Los Angeles,CA 90012** | CASE NUMBER:<br>*(Número del Caso):*<br>23STCV17233 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shalini Dogra; 2219 Main Street, Unit 239, Santa Monica, CA 90405;      (747) 234-6673

| | | |
|---|---|---|
| DATE: 07/24/2023<br>*(Fecha)* | Clerk, by David W. Slayton, Executive Officer/Clerk of Court<br>*(Secretario)*   D. Jackson Aubry | Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Tesla, Inc., a California and Texas Corporation
   under: ☒ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Shalini Dogra, SBN 309024<br>2219 Main Street, Unit 239 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:(747) 234-6673    FAX NO. *(Optional):*(310) 868-0170<br>E-MAIL ADDRESS:shalini@dogralawgroup.com<br>ATTORNEY FOR *(Name):*Plaintiff Sean Cohen | **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>7/21/2023 6:30 PM<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By J. Nunez, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
 STREET ADDRESS:312 North Spring Street
 MAILING ADDRESS:
 CITY AND ZIP CODE:Los Angeles, CA 90012
 BRANCH NAME:Spring Street Courthouse

CASE NAME:
Cohen v. Tesla, Inc.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | **23STCV17233** |
| | | | JUDGE: |
| | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [x] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
 b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
  issues that will be time-consuming to resolve       courts in other counties, states, or countries, or in a federal
 c. [ ] Substantial amount of documentary evidence       court
  f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Six
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 21, 2023
Shalini Dogra
_____    ► _____
 (TYPE OR PRINT NAME)             (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET** CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

Exhibit A, Page 0021

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/21/2023 6:30 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

| SHORT TITLE | CASE NUMBER |
|---|---|
| Cohen v. Tesla, Inc. | 23STCV17233 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

### CIVIL CASE COVER SHEET ADDENDUM
### AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Cohen v. Tesla, Inc. | 23STCV17233 |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☑ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23    **CIVIL CASE COVER SHEET ADDENDUM**    LASC Local Rule 2.3

For Mandatory Use    **AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Cohen v. Tesla, Inc. | 23STCV17233 |

|  |  | **A**<br>Civil Case Cover<br>Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|---|
| **Contract (Continued)** |  | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
|  |  |  | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
|  |  |  | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** |  | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>                    Number of Parcels _____ | 2, 6 |
|  |  | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
|  |  | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
|  |  |  | ☐ 2602 Quiet Title | 2, 6 |
|  |  |  | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** |  | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
|  |  | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
|  |  | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
|  |  | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** |  | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
|  |  | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
|  |  | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
|  |  |  | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
|  |  |  | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
|  |  | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
|  |  |  | ☐ 3902 Administrative Hearing | 2, 8 |
|  |  |  | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** |  | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
|  |  | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
|  |  |  | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

Exhibit A, Page 0024

| SHORT TITLE | CASE NUMBER |
|---|---|
| Cohen v. Tesla, Inc. | 23STCV17233 |

| | **A**<br>Civil Case Cover<br>Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Exhibit A, Page 0025

| SHORT TITLE | CASE NUMBER |
|---|---|
| Cohen v. Tesla, Inc. | 23STCV17233 |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: <br> ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: |
|---|---|

| CITY: | STATE: | ZIP CODE: <br> 90024 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: <u>July 21, 2023</u>

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

SHALINI DOGRA, SBN 309024
DOGRA LAW GROUP PC
2219 Main Street, Unit 239
Santa Monica, CA 90405
Telephone: (747) 234-6673
Facsimile: (310) 868-0170
*Attorneys for Named Plaintiff and Proposed Class*

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/21/2023 6:30 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES**

SEAN COHEN, on behalf of himself and all others similarly situated;

Plaintiff,

v.

TESLA, INC. a California and Texas Corporation; and DOES 1 through 50, Inclusive,

Defendants.

Case No: 23STCV17233

**PLAINTIFF'S CLASS ACTION COMPLAINT**

1. Common Law Fraud
2. Negligent Misrepresentation
3. Unjust Enrichment
4. Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*
5. Violation of the False Advertising Law ("FAL"), California Business and Professions Code § 17500, *et seq.*
6. Violation of the Unfair Competition Law ("UCL"), California Business and Professions Code §17200 *et seq.*

**DEMAND FOR JURY TRIAL**

Plaintiff Sean Cohen, by and through his attorneys, brings this action on behalf of himself and all other similarly situated against Tesla, Inc. ("Defendant Tesla") and Does 1 through 50. Plaintiff hereby alleges, on information and belief, except as those allegations which pertain to the named Plaintiff, which allegations are based on personal knowledge, as follows:

**NATURE OF THE ACTION**

1.    This is a consumer class action that arises out of Defendant Tesla's the unlawful marketing and false "3 Years Free Supercharging" advertising scheme Defendant Tesla perpetuated for its "Model S" and "Model X" vehicles (The Products").

2.    Through its uniform advertising claims, Defendant Tesla perpetuates deceptive marketing about the Products' price.   Defendant Tesla deliberately publicizes dishonest misrepresentations about the Products, purposely engages in blatant bait-and-switch tactics, and tricks consumers into purchasing units of the Products they otherwise would not have bought.

1

PLAINTIFF'S CLASS ACTION COMPLAINT

Exhibit A, Page 0027

1  Additionally, Defendant Tesla tricks consumers into paying a substantially higher price for a benefit

2  that Defendant Tesla knows will not be conferred. Consequently, the advertising, marketing, and

3  sale of the Products violate California law.

4       3.    At all relevant times, Defendant Tesla designed, advertised and marketed the Products

5  to consumers and profited from the Products throughout California based on the misrepresentations

6  about the Products' purported value and price. Furthermore, Defendant Tesla owns, controls and

7  oversees the distribution of the Products.

8       4.    At all relevant times, Defendant Tesla controlled, advertised, marketed, sold and

9  profited from sales of Products to consumers at throughout California and the United States based

10  on the misrepresentation that the Products proffered benefits which they actually did not, as alleged

11  throughout herein.

12       5.    Based on the fact that Defendant Tesla's advertising misled Plaintiff and all others

13  like him, Plaintiff brings this class against Defendant Tesla to seek reimbursement of the premium

14  they and the Class Members paid due to Defendant Tesla's false and deceptive representations about

15  the price and benefits of the Products.

16       6.    Plaintiff seeks relief in this action individually and on behalf of all purchasers of the

17  Products statewide in California for common law fraud, negligent misrepresentation, and unjust

18  enrichment. Additionally, Plaintiff seeks relief in this action individually and on behalf of all

19  purchasers of the Products in California for violation of the California Bus. & Prof. Code §§17500,

20  *et seq.*, California's False Advertising Law ("FAL"), Bus. & Prof. Code §§17200, *et seq.*,

21  California's Unfair Competition Law ("UCL").

22       **JURISDICTION AND VENUE**

23       7.    Plaintiff brings this action pursuant to Cal. Civil. Proc. Code § 382 and Cal. Civ. Code

24  § 1781.This Court has subject matter jurisdiction pursuant to the California Constitution, Article

25  XI, § 10 and California Code of Civil Procedure § 410.10, because Defendant Tesla transacted

26  business and committed the acts alleged in California. The Named Plaintiff and Class Members are

27  citizens and residents of the California.

28

PLAINTIFF'S CLASS ACTION COMPLAINT

Exhibit A, Page 0028

1    8.    Venue is proper in this County pursuant to California Civil Code § 1780 (c) because

2    Defendant Tesla conducts significant business here, engages in substantial transactions in this

3    County, and because many of the transactions and material acts complained of herein occurred in

4    this County-including, specifically, the transactions between Plaintiff and Defendant, and many of

5    the transactions between Defendant and the putative class.

6    9.    Venue is proper in this Court because Defendant Tesla conducts business in Los

7    Angeles County, Defendant Tesla receives substantial compensation from sales in Los Angeles

8    County, and Defendant Tesla made numerous misrepresentation which had a substantial effect in

9    Los Angeles County, including but not limited to internet advertisements.

10    **PARTIES**

11    10.    Plaintiff is a resident of California, and lives in Los Angeles County.

12    11.    Defendant Tesla is a corporation with numerous principal places of business

13    throughout California, and additionally also has corporate headquarters located in Texas. Defendant

14    Tesla owns, oversees, controls, mass markets, and distributes the Products throughout California

15    and the United States.

16    12.    Does 1 through 50 are individuals and/or entities that are responsible for the illegal

17    conduct described herein. Plaintiff is informed and believes, and based thereon alleges, that at all

18    times relevant hereto each of these individuals and/or entities was the agent, servant, employee,

19    subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego, or other representative of

20    Defendant Tesla and was acting in such capacity in doing the things herein complained of and

21    alleged. The true names and capacities of Defendants sued herein under California Code of Civil

22    Procedure Section 474, and Does 1 through 50, inclusive, are presently unknown to Plaintiff, who

23    therefore sues these Defendants by fictitious names. Plaintiff will amend this Complaint to show

24    their true names and capacities when they have been ascertained. Each of the Doe Defendants is

25    responsible in some manner for the conduct alleged herein.

26    **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

27    13.    Defendant Tesla's online marketing scheme for the Products advertises in bold "3

28    Years Free Supercharging" and states that those customers who "take delivery of a new Model S or

3

1   Model X vehicle between April 20, 2023, and June 30, 2023", are eligible for unlimited free
2   supercharging on their new vehicle." (see image below).

3   ## 3 Years Free
4   ## Supercharging
5   Customers who take delivery of a new
6   Model S or Model X vehicle between April
    20, 2023 and June 30, 2023, are eligible
7   for unlimited free Supercharging on their
8   new vehicle. Free Supercharging is tied to
    your Tesla account and cannot be
9   transferred to another vehicle or person in
10  case of an ownership transfer. Tesla shall
    not be liable if delivery of your vehicle
11  does not happen before June 30, 2023.
12  Used vehicles, business orders and vehicles
    used for commercial purposes are
13  excluded from this promotion. Promotion is
    subject to change and may end at any time
14  without notice.

15

16       14.    When consumers see Defendant Tesla's representations about three years
17  supercharging, they reasonably believe that if they take delivery of a unit of the Products between
18  April 20, 2023, and June 20, 2023, they will receive the benefit of being able to supercharge their
19  units of the Products on an unlimited basis for three years without incurring any expense or
20  additional fees. Notably, as demonstrated by Plaintiff's experience, even Defendant Tesla's auto
21  salesperson interpreted the Products' advertising claims  and Defendant Tesla's misrepresentations
22  about the Products to mean that taking delivery between April 20, 2023, and June 20, 2023, entitles
23  buyers to three years of free supercharging.

24       15.    However, in reality, when individuals take delivery of a unit of the Products between
25  April 20, 2023, and June 20, 2023, they are not provided with three years of free supercharging by
26  Defendant Tesla. On the contrary, Defendant Tesla fails to give any free supercharging at all, let
27  alone for a three-year time period. Defendant Tesla's false advertising of the Products constitutes at
28  least seven different types of violations under the CLRA. Defendant Tesla's actions and deceptive

4

1    marketing of the Products violate sections 1770 (a)(5), (a)(7), (a)(10), (a)(13), (a)(16), (a)(17), and

2    (a)(20.) of the CLRA.

3        16.    Defendant Tesla is reaping substantial ill-gotten profits at the expense of consumers.

4    Consequently, Defendant Tesla has made, and continues to make, false, deceptive, and misleading

5    claims and promises to consumers about the characteristics, cost, quality, and advantages of the

6    Products in a pervasive statewide marketing scheme that falsely touts the benefits of the Products

7    and misrepresents the Products' pricing. The Products do not live up to the advertising claims made

8    by Defendant Tesla. Accordingly, Defendant Tesla's actions violate sections 1770(a)(5), (a)(7),

9    (a)(10),(a)(13), (a)(16). (a)(17) and (a)(20) of the CLRA. As a direct and proximate result of

10   Defendant Tesla's violations of the CLRA, Plaintiff and the members of the Class paid Defendant

11   Tesla for the Products and made purchases that they otherwise would not have completed and

12   therefore seek restitution of monies in an amount to be determined at trial.

13       17.    Plaintiff is a consumer as defined under the CLRA. He purchased a unit of the

14   Products in April 2023. In making his purchasing decision, Plaintiff relied on Defendant Tesla's

15   challenged advertising scheme for the Products, as described herein. Plaintiff took delivery of his

16   unit of the Products on approximately April 22, 2023. Yet, even though Plaintiff had taken delivery

17   between April 20, 2023, and June 20, 2023, Defendant Tesla refused to confer Plaintiff with the

18   benefit of three years of free supercharging. Defendant Tesla knows or has reason to know that

19   consumers like Plaintiff would find the challenged attribute important in their decision to purchase

20   of the Products.  When individuals decide which to purchase a Tesla car, the cost of supercharging

21   the electric vehicle is unquestionably material to them. That is clearly why Defendant Tesla chose

22   to prominently highlight the "3 Years of Free Supercharging" and savings features.  Plaintiff would

23   not have purchased a unit of the Products, or would have paid a substantially lower price, if he had

24   known that the advertising as described herein was false, misleading and deceptive.

25       18.    Courts have repeatedly affirmed that forty class members constitutes sufficient class

26   size to meet the numerosity element of class certification. *Rannis v. Recchia*, 380 F. App'x. 646,650-

27   51 (9th Cir. 2010). Here, based on reports Defendant Tesla has filed itself with the Security and

28   Exchange Commission ("SEC"), Plaintiff can reasonably conclude that at least forty individuals

Exhibit A, Page 0031

1  bought units of the Products in California during the covered time period in reliance upon Defendant

2  Tesla's false "3 Years Free Supercharging" advertising scheme. Therefore, a Court has sufficient

3  grounds to conclude that the instant matter meets the numerosity prong required for class

4  certification.

5      19.    Plaintiff reasonably relied on Defendant Tesla's advertising of the Products. Plaintiff

6  relied on Defendant Tesla's advertising and marketing scheme for the Products, without knowledge

7  of the fact that Defendant Tesla was lying about the Products' price and purported benefits. Plaintiff

8  relied on the misrepresentations Defendant Tesla disseminated for the Products. Plaintiff would not

9  have bought a unit of the Products from Defendant Tesla if he had known that the advertising as

10  described herein was false, misleading and deceptive. All members of the putative Class were

11  exposed to Defendant Tesla's deceptive marking of the Products.  Defendant Tesla's false and

12  misleading statements and omissions tricked Plaintiff and the putative Class and subjected them all

13  to numerous legal and monetary injuries.

14      20.    The malicious actions taken by Defendant Tesla caused significant harm to

15  consumers. Plaintiff and similarly situated Class members paid monies for the Products and vehicles

16  they did not receive because they were reasonably misled by Defendant Tesla's misrepresentations

17  about the Products. Had Plaintiff and the other Class members known that the Products actually

18  failed to provide their advertised benefits, they would not have bought it or would have paid less

19  for the Products. As a result, Plaintiff and similar situated Class members have been deceived and

20  suffered economic injury. Plaintiff was economically harmed by Defendant Tesla's deceptive

21  marketing and misleading advertising about the Products' cost and value.

22      21.    The arbitration terms Defendant Tesla included in its car sales agreement with

23  Plaintiff for his purchase of the Products do not apply to the instant matter because Plaintiff's suit

24  is brought under California's consumer protection laws, and Plaintiff's claims here would exist

25  independent of his sales agreement with Defendant Tesla. *Kramer v. Toyota Motor Corp.*, 705 F.3d

26  1122, 1131 (9th Cr. 2013) (*citation omitted*). Similarly, Plaintiff's causes of action as alleged herein

27  arise independently of the terms of the sales agreement that contains Defendant Tesla's arbitration

28  provisions. *Kramer*, 705 F.3d at 1130 (*see also Jones v. Jacobson* (2011) 195 Cal. App. 4th 1, 20.)

6

PLAINTIFF'S CLASS ACTION COMPLAINT

1   Therefore, no arbitration agreement applies to Plaintiff's instant matter, nor do any arbitration

2   provisions preclude the class action claims that Plaintiff brought on behalf of himself and the

3   putative class.

4                           **CLASS ACTION ALLEGATIONS**

5        22.    Plaintiff brings this action on his own behalf and on behalf of all other members of

6   the general public similarly situated, and, thus, seeks class certification under Code of Civil

7   Procedure §382.

8        23.    The proposed class consists of all consumers who purchased units of the Products in

9   California for personal use and not for resale during the time period May 17, 2019, through the

10  present. Excluded from the Class are Defendant, its affiliates, employees, officers and directors, any

11  individual who received remuneration from Defendant in connection with that individual's use or

12  endorsement of the Products, the Judge(s) assigned to this case, and the attorneys of record in this

13  case. Plaintiff reserves the right to amend the Class definitions if discovery and further investigation

14  reveal that the Class should be expanded or otherwise modified.

15       24.    This action is properly brought as a class action for the following reasons:

16       25.    the proposed class is so numerous that joinder would be impracticable and disposition

17  of the class members' claims in a class action is in the best interests of the parties and judicial

18  economy.;

19       26.    the claims of the Plaintiff and relief herein sought are typical of the claim and relief

20  that could generally be sought by each member of this proposed class.;

21       27.    Plaintiff stands on equal footing with and can fairly and adequately protect the

22  interests of all members of the proposed class. The Products all bear the misleading advertising;

23       28.    Prosecution of separate actions by individual members of the proposed class would

24  create a risk of inconsistent or varying adjudications with respect to individual members of the class

25  and thus establish incompatibly standards of conduct for the party or parties opposing the class.

26  Further, individual cases would be so numerous as to inefficiently consume judicial resources.;

27       29.    Plaintiff's attorneys have the experience, knowledge, and resources to adequately and

28  properly represent the interests of the proposed class.;

7

PLAINTIFF'S CLASS ACTION COMPLAINT

30.     There are questions of law and fact common to the proposed class which predominate over any questions that may affect particular class members.  Such common questions of law and fact include, but are not limited to:

(i)     Whether Defendant Tesla's marketing of the Products is false, misleading, and/or deceptive;

(ii)    Whether Defendant Tesla's marketing of the Products is an unfair business practice;

(iii)   Whether Defendant Tesla was unjustly enriched by its conduct;

(iv)    Whether Defendant Tesla's conduct constituted a violation of California's Consumer Legal Remedies Act;

(v)     Whether Defendant Tesla's advertising is untrue or misleading in violation of Business and Professions Code §17500, *et seq.*;

(vi)    Whether Defendant Tesla knew or by the exercise of reasonable care should have known that its advertising was and is untrue or misleading in violation of Business and Professions Code § 17500, *et seq.*;

(vii)   Whether Defendant Tesla's conduct is an unfair business practice within the meaning of Business and Professions Code § 17200, *et seq.*;

(viii)  Whether Defendant Tesla's conduct is a fraudulent business practice within the meaning of Business and Professions Code § 17200, *et seq.*;

(ix)    Whether Defendant Tesla's conduct is an unlawful business practice within the meaning of Business and Professions Code § 17200, *et seq.*;

(x)     Whether Class Members suffered an ascertainable loss as a result of Defendant Tesla's misrepresentations; and

(xi)    Whether, as a result of Defendant Tesla's misconduct as alleged herein, Plaintiff and the Class Members are entitled to restitution, injunctive relieve and/or monetary relief, and if so, the amount and natural of such relief.

31.     Plaintiff's claims are typical of the claims of the members of the proposed class. Plaintiff and all class members have been injured by the same wrongful practices of Defendant.

Exhibit A, Page 0034

1    Plaintiff's claims arise from the same practices and conduct that give rise to the claims of all class

2    members and are based on the same legal theories;

3         32.    Plaintiff will fairly and adequately protect the interests of the proposed class in that

4    they have no interests antagonistic to those of other proposed class members, and Plaintiff have

5    retained attorneys experienced in consumer class actions and complex litigation as counsel;

6         33.    A class action is superior to other available methods for the fair and efficient

7    adjudication.

8         34.    Defendant has, or has access to, address information for the Class members, which

9    may be used for the purpose of providing notice of the pendency of this class action. Further, the

10    class definition itself describes a set of common characteristics sufficient to allow a prospective

11    plaintiff or class member to identify himself or herself as having a right to recovery based on the

12    description. Defendant Tesla's false statements exist on every one of the units of the Products

13    themselves, and thus every individual consumer who purchases the Products is exposed to the false

14    advertising.

15         35.    Plaintiff seeks damages and equitable relief on behalf of the proposed class on grounds

16    generally applicable to the entire proposed class.  Additionally, Plaintiff reserves the right to

17    establish subclasses as appropriate.

18                   **FIRST CAUSE OF ACTION**

19                     **Common Law Fraud**

20         36.    Plaintiff re-alleges and incorporates by reference the allegations contained in the

21    paragraphs above as if fully set forth herein. Plaintiff brings this claim individually and on behalf

22    of the members of his proposed Class.

23         37.    As discussed above, Defendant Tesla provided Plaintiff and the Class Members with

24    false or misleading material information and failed to disclose material facts about the Products,

25    including but not limited to the fact that Products cost more than their advertised price and lacked

26    their advertised benefits  These misrepresentations and omissions were made with knowledge of

27    their falsehood.

28

Exhibit A, Page 0035

1    38.    The misrepresentations and omissions made by Defendant Tesla, upon which Plaintiff

2    the Class Members reasonably and justifiably relied, were intended to induce and actually induced

3.   Plaintiff and Class Members to purchase the Products.

4    39.    The fraudulent actions of Defendant Tesla caused damage to Plaintiff and Class

5    Members, who are entitled to damages and other legal and equitable relief as a result.

6                              **SECOND CAUSE OF ACTION**

7                                **Negligent Misrepresentation**

8    40.    Plaintiff re-alleges and incorporates by reference the allegations contained in the

9    paragraphs above as if fully set forth herein. Plaintiff brings this claim individually and on behalf

10   of the proposed Class against Defendant Tesla.

11   41.    As discussed above, Defendant Tesla represented the Products proffered certain

12   advantages but failed to disclose that the Products actually did not provide those benefits. Defendant

13   Tesla had a duty to disclose this information. Additionally, Defendant Tesla misrepresented the true

14   costs and advantages of the Products and had a duty to disclose the Products' price and benefits.

15   42.    At the time Defendant Tesla made these misrepresentations, Defendant Tesla knew or

16   should have known that these misrepresentations were false or made them without knowledge of

17   their truth or veracity.

18   43.    At an absolute minimum, Defendant Tesla negligently misrepresented or negligently

19   omitted material facts about the Products.

20   44.    The negligent misrepresentations and omissions made by Defendant Tesla, upon

21   which Plaintiff and Class Members reasonably and justifiably relied, were intended to induce and

22   actually induced Plaintiff and Class Members to purchase the Products.

23   45.    Plaintiff and Class Members would not have bought the Products if they had known

24   the true facts.

25   46.    The negligent actions of Defendant Tesla caused damage to Plaintiff and Class

26   Members, who are entitled to damages and other legal and equitable relief as a result.

27   ///

28   ///

Exhibit A, Page 0036

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRD CAUSE OF ACTION

### Unjust Enrichment

47.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein. Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant Tesla.

48.     Plaintiff and Class Members conferred benefit on Defendant Tesla by purchasing the Products. Defendant Tesla has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class Members' purchases of the Products. Retention of those moneys under these circumstances is unjust and inequitable because the Products do not actually confer their marketed benefits and resulted in purchasers being denied the full benefit of their purchase because they did not purchase a vehicle that actually provided its advertised benefits. Defendant Tesla has also been unjustly enriched by falsely advertising the Products' price and tricking consumers into paying more for the Products.

49.     Because Defendant Tesla's retention of the non-gratuitous benefits conferred on them by Plaintiff and Class Members is unjust and inequitable, Defendant Tesla must pay restitution to Plaintiff and Class Members for their unjust enrichment, as ordered by the Court.

## FOURTH CAUSE OF ACTION

### Violation of Cal. Civ. Code §§1750, *et seq.*

50.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

51.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.* ("CLRA"). The CLRA prohibits any unfair, deceptive, and/or unlawful practices, as well as unconscionable commercial practices in connection with the sales of any goods or services to consumers. *See* Cal. Civ. Code §1770.

52.     The CLRA "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient economical procedures to secure such protection." Cal. Civ. Code § 1760.

53.     Defendants are each a "person" under the CLRA. Cal. Civ. Code §1761 (c).

11

54. Plaintiff and the putative Class Members are "consumers" under the CLRA. Cal. Civ. Code §1761 (d).

55. The Products constitute a "good" under the CLRA. Cal. Civ. Code §1761 (a).

56. Plaintiff and the putative Class Members' purchases of the Products within the Class Period constitute "transactions'" under the CLRA. Cal. Civ. Code §1761 (e).

57. Defendant Tesla's actions and conduct described herein reflect transactions that have resulted in the sale of goods to consumers.

58. Defendant Tesla's failure to market the Products in accordance with California statutory requirements constitutes an unfair, deceptive, unlawful and unconscionable commercial practice.

59. Defendant Tesla's actions have violated at least seven provisions of the CLRA, including §§ 1770(a)(5), 1770 (a)(7), 1770 (a)(10), 1770(a)(13), 1770(a)(16), 1770 (a)(17) and 1770(a)(20).

60. As a result of Defendant Tesla's violations, Plaintiff and the Class suffered, and continue to suffer, ascertainable losses in the form of the purchase price they paid for the unlawfully marketed Products, which they would not have paid had the Products been advertised correctly, or in the form of the reduced value of the Products relative to the Products as advertised and the retail price they paid.

61. Pursuant to § 1782 of the CLRA Plaintiff notified Defendant Tesla in writing of the particular violations of § 1770 of the CLRA, and demanded Defendant Tesla rectify the actions described above by providing monetary relief, agreeing to be bound by their legal obligations, and to give notice to all affected consumers of their intent to do so. On or about May 17, 2023, Plaintiff sent Defendant Tesla a notice and demand letter, notifying Defendant Tesla of its violations of the CLRA and demanding that within 30 days, Defendant Tesla remedy the unlawful, unfair, false, and/or deceptive practices complained of herein. Plaintiff advised Defendant Tesla that if it refused the demand, Plaintiff would seek monetary damages for himself and all others similarly situated, as well as injunctive relief, restitution, and any other relief the Court may deem just and proper. Defendant Tesla has failed to comply with the letter. Consequently, pursuant to California Civil

Exhibit A, Page 0038

1    Code §1782, Plaintiff, on behalf of himself and all other members of the Class, seeks compensatory

2    damages and restitution of any ill-gotten gains due to Defendant Tesla's acts and practices that

3    violate the CLRA.

4        62.    Defendant Tesla has failed to rectify or agree to rectify at least some of the violations

5    associated with actions detailed above and give notice to all affected consumers within 30 days of

6    receipt of the Cal. Civ. Code § 1782 notice.  Thus, Plaintiff seeks actual damages and punitive

7    damages for violations of the Act.

8        63.    In addition, pursuant to Cal. Civ. Code §1780(a)(2), Plaintiff is entitled to, and

9    therefore seeks, a Court order enjoining the above-described wrongful acts and practices that violate

10   Cal. Civ. Code §1770.

11       64.    Plaintiff and Class Members are also entitled to recover attorneys' fees, costs,

12   expenses, disbursements, and punitive damages pursuant to Cal. Civ. Code §§ 1780 and 1781.

13                              **FIFTH CAUSE OF ACTION**

14           **Violation of California Business & Professions Code §§ 17500, et seq.**

15       65.    Plaintiff re-alleges and incorporates by reference the allegations contained in the

16   paragraphs above as if fully set forth herein.

17       66.    Defendant Tesla engaged in unfair and deceptive acts and practices, in violation of

18   the California Business and Professions Code § 17500 et seq., by marketing and/or selling the

19   Products without disclosure of the material fact that the Products actually lack their advertised

20   benefits. These acts and practices, as described above, have deceived Plaintiff and other class

21   members, causing them to lose money as herein alleged and have deceived and are likely to deceive

22   the consuming public, in violation of those sections. Accordingly, Defendant Tesla's business acts

23   and practices, as alleged herein, have caused injury to Plaintiff and the other class members.

24       67.    Defendant Tesla had a duty to disclose that the Products lacked their advertised

25   properties, because this information was a material fact of which Defendant Tesla had exclusive

26   knowledge; Defendant Tesla actively concealed this material fact; and Defendant Tesla made partial

27   representations about the Products but suppressed some material facts.

28       68.    Defendant Tesla's misrepresentation and/or nondisclosure of the fact that the Products

                                          13

1    did not actually provide their advertised benefits was the immediate cause of Plaintiff and the other

2    class members purchasing the Products.

3         69.    In the absence of Defendant Tesla's misrepresentation and/or nondisclosure of facts,

4    as described above, Plaintiff and other class members would not have purchased the Products.

5         70.    Plaintiff and the other class members are entitled to relief, including full restitution

6    and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have

7    been obtained by Defendant Tesla as a result of such business acts or practices, and enjoining

8    Defendant Tesla to cease and desist from engaging in the practices described herein.

9    **SIXTH CAUSE OF ACTION**

10   **Violation of Business & Professions Code § 17200, *et seq*.**

11        71.    Plaintiff re-alleges and incorporates by reference the allegations contained in the

12   paragraphs above as if fully set forth herein.

13        72.    Plaintiff brings this cause of action for violation of the UCL individual and on behalf

14   of the proposed Class against Defendant Tesla.

15        73.    The UCL prohibits acts of "unfair competition," including any unlawful, unfair,

16   fraudulent, or deceptive business act or practice as well as "unfair, deceptive, untrue or misleading

17   advertising."

18        74.    Defendant Tesla's failure to disclose the truth about the Products' pricing, value and

19   benefits is likely to deceive a reasonable consumer and therefore constitutes a fraudulent or

20   deceptive business practice.

21        75.    Defendant Tesla's sale of the Products without disclosing the truth about the Products'

22   true value and benefits offends established public policy and constitutes an unfair business practice.

23   This injury is not outweighed by any countervailing benefits to consumers or competition.

24        76.    Defendant Tesla's conduct is unlawful in that violated numerous statutes, including

25   California Civil Code Section 1770(a); California Civil Code Sections 1709-1710; and California

26   Civil Code Sections 1572-1573, as well as constituted common law fraud.

27        77.    Defendant Tesla's conduct further violated California Business and Professions Code

28   Section 17200's prohibition against engaging in "unlawful" business practices or acts by, inter alia,

14
PLAINTIFF'S CLASS ACTION COMPLAINT

1    failing to comply with California Civil Code Section 1750 *et seq.*

2        78.    Plaintiff and the Class members have suffered injury in fact and have lost money

3    and/or property as a result of Defendant Tesla's fraudulent, unfair, and/or unlawful business

4    practices, in that as a result of Defendant Tesla's violations of the UCLA, Plaintiff and the Class

5    paid for vehicles that they otherwise would not have bought or paid more than they would have if

6    Defendant Tesla had not violated the UCL.

7        79.    Plaintiff and the Class reserve the right to allege other violations of law which

8    constitute other unlawful business acts and practices. Such conduct is ongoing and continues to this

9    date.

10        80.    Pursuant to California Business and Professions Code Sections 17203 and 17535,

11   Plaintiff and the Class seek an order of this Court enjoining Defendant Tesla from continuing to

12   engage, use, or employ their practice of advertising and marketing the Products in an untruthful

13   manner. Likewise, Plaintiff and the Class seek an order requiring Defendant Tesla to disclose such

14   misrepresentations, and additionally request an order awarding Plaintiff restitution of the money

15   wrongfully acquired by Defendant Tesla by means of Defendant Tesla's failure to disclose the

16   existence and significance of said misrepresentations in an amount to be determined at trial.

17   Additionally, Plaintiff seeks an order for the disgorgement of all monies from the sale of Defendant

18   Tesla's Products that were unjustly acquired through unlawful acts and practices. Plaintiff and the

19   Class members also seek full restitution of all monies paid to Defendant Tesla as a result of its

20   deceptive practices, interest at the highest rate allowable by law, and the payment of Plaintiff's

21   attorneys' fees and costs pursuant to, inter alia, California Civil Code Procedure Section 1021.5.

22   Plaintiff reserves the right to seek additional preliminary or permanent injunctive relief.

### PRAYER FOR RELIEF

24        WHEREFORE, Plaintiff, on behalf of himself and on behalf of the Class defined herein,

25   prays for judgment and relief on all Causes of Action as follows:

26    A.    This action be certified and maintained as a class action and certify the proposed class

27              as defined, appointing Plaintiff as representative of the Class, and appointing the

28              attorneys and law firms representing Plaintiff as counsel for the Class;

1  B. For an order declaring the Defendant Tesla's conduct violates the statutes referenced

2    herein;

3  C. That the Court awards compensatory, statutory and/or punitive damages as to all

4    Causes of Action where such relief is permitted;

5  D. That the Court awards Plaintiff and proposed class members the costs of this action,

6    including reasonable attorneys' fees and expenses;

7  E. For an order enjoining Defendant Tesla from continuing to engage in the unlawful

8    conduct and practices described herein;

9  F. That the Court awards equitable monetary relief, including restitution and

10    disgorgement of all ill-gotten gains, and the imposition of a constructive trust upon,

11    or otherwise restricting the proceeds of Defendant Tesla's ill-gotten gains, to ensure

12    that Plaintiff and proposed class members have an effective remedy;

13  G. That the Court award Plaintiff and the proposed Class members the costs of this

14    action, including reasonable attorneys' fees and expenses, including attorneys' fees

15    awarded as costs pursuant to California Civil Code Section 1717.5;

16  H. Imposition of a constructive trust to prevent unjust enrichment and to compel the

17    restoration of property (money) to Plaintiff and the Class which Defendant Tesla

18    acquired through fraud;

19  I. That the Court awards pre-judgment and post-judgment interest at the legal rate;

20  J. That the Court orders appropriate declaratory relief; and

21  K. That the Court grants such other and further as may be just and proper.

22

23 Dated:  July 21, 2023   **DOGRA LAW GROUP PC**

24

25

26       By: _____

            Shalini Dogra, Esq.

27            Attorney for Plaintiff

            SEAN COHEN

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated:     July 21, 2023       **DOGRA LAW GROUP PC**

By:     _____

Shalini Dogra, Esq.
Attorney for Plaintiff
SEAN COHEN

---

17

PLAINTIFF'S CLASS ACTION COMPLAINT

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

LASC CIV 271 Rev. 03/23
For Mandatory Use

Page 1 of 2

Exhibit A, Page 0044

### How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.** Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case. https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

Exhibit A, Page 0045

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____ )

FIRST AMENDED GENERAL ORDER

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

Exhibit A, Page 0046

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

Exhibit A, Page 0047

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)   Depositions;

   ii)   Declarations;

   iii)   Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)   Points and Authorities;

   vi)   Citations; and

   vii)   Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

:5

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

   a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

   b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

      i)    Any printed document required pursuant to a Standing or General Order;

      ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

      iii)  Pleadings and motions that include points and authorities;

      iv)  Demurrers;

      v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

      vi)  Motions for Summary Judgment/Adjudication; and

      vii)  Motions to Compel Further Discovery.

   c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

   a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

   b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1  11) SIGNATURES ON ELECTRONIC FILING

2    For purposes of this General Order, all electronic filings must be in compliance with California

3    Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4    Division of the Los Angeles County Superior Court.

5

6    This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10 DATED: May 3, 2019    Kevin C. Brazile

11                                  KEVIN C. BRAZILE
                                    Presiding Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Exhibit A, Page 0052

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012<br><br>NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/21/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Nunez _____ Deputy |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23STCV17233 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | William F. Highberger | 10 | | ■ | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record        David W. Slayton, Executive Officer / Clerk of Court

on 07/24/2023 _____        By J. Nunez _____, Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)        **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

#### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

#### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:         FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Exhibit A, Page 0056

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new) <br> LASC Approved 04/11 <br> For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

Exhibit A, Page 0058

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

Exhibit A, Page 0059

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Exhibit A, Page 0060

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

[Print]   [Save]   [Clear]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

Exhibit A, Page 0062

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date:   _____

_____
JUDICIAL OFFICER

[ Print ]     [ Save ]                              [ Clear ]

LACIV 075 (new)
LASC Approved 04/11       **STIPULATION AND ORDER – MOTIONS IN LIMINE**       Page 2 of 2

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations<br><br>_____ | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

1   Whereas the Early Organizational Meeting Stipulation is intended to encourage

2   cooperation among the parties at an early stage in litigation in order to achieve

3   litigation efficiencies;

4   Whereas it is intended that use of the Early Organizational Meeting Stipulation

5   will promote economic case resolution and judicial efficiency;

6

7   Whereas, in order to promote a meaningful discussion of pleading issues at the

8   Early Organizational Meeting and potentially to reduce the need for motions to

9   challenge the pleadings, it is necessary to allow additional time to conduct the Early

10   Organizational Meeting before the time to respond to a complaint or cross complaint

11   has expired;

12

13   Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in

14   which an action is pending to extend for not more than 30 days the time to respond to

15   a pleading "upon good cause shown";

16   Now, therefore, this Court hereby finds that there is good cause to extend for 30

17   days the time to respond to a complaint or to a cross complaint in any action in which

18   the parties have entered into the Early Organizational Meeting Stipulation. This finding

19   of good cause is based on the anticipated judicial efficiency and benefits of economic

20   case resolution that the Early Organizational Meeting Stipulation is intended to

21   promote.

22

23   IT IS HEREBY ORDERED that, in any case in which the parties have entered

24   into an Early Organizational Meeting Stipulation, the time for a defending party to

25   respond to a complaint or cross complaint shall be extended by the 30 days permitted

26

27

28

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR
1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

---

LASC CIV 271 Rev. 02/22
For Mandatory Use

Page 1 of 2

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 02/22
For Mandatory Use

Page 2 of 2

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
                 (INSERT DATE)                                 (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ➤  _____
       (TYPE OR PRINT NAME)                             (ATTORNEY FOR PLAINTIFF)
Date:

_____     ➤  _____
       (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____     ➤  _____
       (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____     ➤  _____
       (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____     ➤  _____
       (TYPE OR PRINT NAME)                   (ATTORNEY FOR _____)
Date:

_____     ➤  _____
       (TYPE OR PRINT NAME)                   (ATTORNEY FOR _____)
Date:

_____     ➤  _____
       (TYPE OR PRINT NAME)                   (ATTORNEY FOR _____)

Print    Save    Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

Exhibit A, Page 0072

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

Exhibit A, Page 0074

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference
   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

[ Print ]   [ Save ]   [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                         FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |

LACIV 075 (new)
LASC Approved 04/11

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 2 of 2

Exhibit A, Page 0077

1

2

**FILED**

LOS ANGELES SUPERIOR COURT

3

MAY 1 1 2011

4

JOHN A. CLARKE, CLERK

5

BY NANCY NAVARRO, DEPUTY

6

7 SUPERIOR COURT OF THE STATE OF CALIFORNIA

8 FOR THE COUNTY OF LOS ANGELES

9

10 General Order Re           )    ORDER PURSUANT TO CCP 1054(a),
   Use of Voluntary Efficient Litigation  )  EXTENDING TIME TO RESPOND BY
11 Stipulations               )    30 DAYS WHEN PARTIES AGREE
                              )    TO EARLY ORGANIZATIONAL
12                            )    MEETING STIPULATION
                              )
13 _____)

14

15      Whereas the Los Angeles Superior Court and the Executive Committee of the

16 Litigation Section of the Los Angeles County Bar Association have cooperated in

17 drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

18 use in general jurisdiction civil litigation in Los Angeles County;

19      Whereas the Los Angeles County Bar Association Litigation Section; the Los

20 Angeles County Bar Association Labor and Employment Law Section; the Consumer

21 Attorneys Association of Los Angeles; the Association of Southern California Defense

22 Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

23

24 Employment Lawyers Association all "endorse the goal of promoting efficiency in

25 litigation, and ask that counsel consider using these stipulations as a voluntary way to

26 promote communications and procedures among counsel and with the court to fairly

27 resolve issues in their cases;"

28

-1-

ORDER PURSUANT TO CCP 1054(a)

1   Whereas the Early Organizational Meeting Stipulation is intended to encourage
2   cooperation among the parties at an early stage in litigation in order to achieve
3   litigation efficiencies;

4   Whereas it is intended that use of the Early Organizational Meeting Stipulation
5   will promote economic case resolution and judicial efficiency;
6
7   Whereas, in order to promote a meaningful discussion of pleading issues at the
8   Early Organizational Meeting and potentially to reduce the need for motions to
9   challenge the pleadings, it is necessary to allow additional time to conduct the Early
10   Organizational Meeting before the time to respond to a complaint or cross complaint
11   has expired;
12
13   Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in
14   which an action is pending to extend for not more than 30 days the time to respond to
15   a pleading "upon good cause shown";

16   Now, therefore, this Court hereby finds that there is good cause to extend for 30
17   days the time to respond to a complaint or to a cross complaint in any action in which
18   the parties have entered into the Early Organizational Meeting Stipulation.  This finding
19   of good cause is based on the anticipated judicial efficiency and benefits of economic
20   case resolution that the Early Organizational Meeting Stipulation is intended to
21   promote.
22
23   IT IS HEREBY ORDERED that, in any case in which the parties have entered
24   into an Early Organizational Meeting Stipulation, the time for a defending party to
25   respond to a complaint or cross complaint shall be extended by the 30 days permitted
26
27
28

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_      _Carolyn B. Kuhl_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

    a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

    b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

    c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

    d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

Exhibit A, Page 0081

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2)  MANDATORY ELECTRONIC FILING

a)  Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b)  Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c)  Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2.

Exhibit A, Page 0082

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)    Depositions;

   ii)   Declarations;

   iii)  Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)    Points and Authorities;

   vi)   Citations; and

   vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

h)  Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i)  Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j)  Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7)  ELECTRONIC FILING SCHEDULE

a)  Filed Date

i)  Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii)  Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8)  EX PARTE APPLICATIONS

a)  Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b)  Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9)  PRINTED COURTESY COPIES

   a)  For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

   b)  Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

      i)     Any printed document required pursuant to a Standing or General Order;

      ii)    Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

      iii)   Pleadings and motions that include points and authorities;

      iv)    Demurrers;

      v)     Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

      vi)    Motions for Summary Judgment/Adjudication; and

      vii)   Motions to Compel Further Discovery.

   c)  Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10)  WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

   a)  Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

   b)  Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1  11) SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3  Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4  Division of the Los Angeles County Superior Court.

5

6       This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019                    Kevin C. Brazile

11                                                            KEVIN C. BRAZILE
                                                             Presiding Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Exhibit A, Page 0087

# EXHIBIT B

*Dept SS10*

**RECEIVED**

JUL 25 2023

SPRING STREET
DEPT. 10

*Courtesy Orig.*
*Copy*

**FILED**

Superior Court of California
County of Los Angeles

JUL 25 2023

David W. Slayton, Executive Officer/Clerk of Court

23STCV06888

By: R. Sanchez, Deputy

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: 309024 |
|---|---|
| Shalini Dogra, SBN 309024 2219 Main Street, Unit 239 Santa Monica, CA 90405 (747) 234-6673 | |

ATTORNEY FOR (Name): Plaintiff Sean Cohen

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
312 North Spring Street

PLAINTIFF/PETITIONER:
Cohen

DEFENDANT/RESPONDENT:
Tesla, Inc.

| **PEREMPTORY CHALLENGE TO JUDICIAL OFFICER** (Code Civ. Proc., § 170.6) | CASE NUMBER: 23STCV17233 |
|---|---|

| Name of Judicial Officer: (PRINT) Hon. William F. Highberger | Dept. Number: 10 |
|---|---|
| ☒ Judge          ☐ Commissioner          ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

---

**DECLARATION**

**I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.**

Filed on behalf of: <u>Sean Cohen</u>
Name of Party

☒ Plaintiff/Petitioner      ☐ Cross Complainant
☐ Defendant/Respondent     ☐ Cross Defendant
☐ Other: _____

Dated: July 24, 2023

Signature of Declarant

Shalini Dogra
Printed Name

*1) file nunc to 7/25/23*
*# allow challenge as timely*
*3) send to Dept. SS11 to*
*  reassign.*

*4) π give notice*
*                    WFH 8/2/23*

| LACIV 015 (Rev. 12-14) LASC Approved 04-04 For Optional Use | **PEREMPTORY CHALLENGE TO JUDICIAL OFFICER** (Code Civ. Proc., § 170.6) | Code Civ. Proc., § 170.6 |
|---|---|---|

Exhibit B, Page 0088

# EXHIBIT C

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

**23STCV17233**                                                          August 2, 2023
**SEAN COHEN,  vs TESLA, INC.**                                          10:03 AM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: R. Aspiras                  ERM: None
Courtroom Assistant: R. Sanchez                 Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Peremptory Challenge to Judicial Officer
(Code of Civil Procedure, § 170.6)

The Court reviews the Peremptory Challenge filed by Sean Cohen, (Plaintiff) on 07/25/2023
pursuant to Code of Civil Procedure section 170.6 and finds that it was timely filed, in proper
format, and is accepted.

The case is ordered transferred to Judge David S. Cunningham III in Department 11 at the Spring
Street Courthouse for reassignment purposes only.

Counsel for plaintiff to give notice.

Certificate of Mailing is attached.

# EXHIBIT D

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
08/21/2023
CT Log Number 544558691

## Service of Process Transmittal Summary

**TO:** LEGAL DEPARTMENT - SOP
TESLA, INC.
901 PAGE AVE
FREMONT, CA 94538-7341

**RE:** **Process Served in California**

**FOR:** Tesla, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SEAN COHEN, on behalf of himself and all others similarly situated vs. TESLA, INC. |
| **DOCUMENT(S) SERVED:** | Minute Order, Proof of service |
| **COURT/AGENCY:** | Los Angeles County - Superior Court, CA<br>Case # 23STCV17233 |
| **NATURE OF ACTION:** | Court Order Re: Case Reassignment |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Non-Traceable Mail on 08/21/2023 postmarked on 08/16/2023 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 7 days of service |
| **ATTORNEY(S)/SENDER(S):** | Shalini Dogra<br>DOGRA LAW GROUP PC<br>2219 Main Street, Unit 239<br>Santa Monica, CA 90405<br>747-234-6673 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/22/2023, Expected Purge Date:<br>08/27/2023<br><br>Image SOP<br><br>Email Notification,  LEGAL DEPARTMENT - SOP  legalsop@tesla.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Exhibit D, Page 0090



**CT Corporation**
**Service of Process Notification**
08/21/2023
CT Log Number 544558691

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED | DATE/METHOD OF SERVICE | TO | LOG NUMBER |
|---|---|---|---|
| Order, Proof of Service | By Non-Traceable Mail on 08/15/2023 postmarked: "Not Post Marked" | LEGAL DEPARTMENT - SOP TESLA, INC. | 544517102 |
| Summons, Cover Sheet, Class Action Complaint, Attachment(s), Order(s), Notice | By Process Server on 07/27/2023 | LEGAL DEPARTMENT - SOP TESLA, INC. | 544384654 |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Shalini Dogra, Esq.
Dogra Law Group PC
2219 Main Street, Unit 239
Santa Monica, CA 90405

LOS ANGELES CA   900

16 AUG 2023  PM 12 L



TO: CT Corp
Re: Tesla
330 North Brand Blvd
Ste: 700
Glendale, CA   90203

91203-233675

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 11

**23STCV17233**                                          August 3, 2023
**SEAN COHEN, vs TESLA, INC.**                            3:21 PM

Judge: Honorable Kenneth R. Freeman          CSR: None
Judicial Assistant: A. Rosas                 ERM: None
Courtroom Assistant: C. Concepcion           Deputy Sheriff: None

**APPEARANCES:**

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Case Reassignment;

This case was ordered transferred to the Assistant Supervising Judge of Complex Civil Litigation, Judge David S. Cunningham III in Department 11, for reassignment purposes only.

Due to Judge David S. Cunningham III being unavailable this date, the case is reviewed by Judge Kenneth R. Freeman for reassignment purposes only.

The case is reassigned for the following reason: Peremptory Challenge to Judicial Officer William F. Highberger.

Good cause appearing and on order of the Court, the above matter is reassigned at the direction of the Supervising Judge to Judge Maren Nelson in Department 17 at the Spring Street Courthouse for all further proceedings.

Plaintiff is ordered to forthwith serve a copy of this minute order on all parties and file a proof of service within seven (7) days of service.

Certificate of Mailing is attached.

Minute Order                                           Page 1 of 1

**PROOF OF SERVICE**

*Cohen v. Tesla, et al.* – Case No. 23STCV17233

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2219 Main Street, Unite 239, Santa Monica, CA 90405. On August 14, 2023, I served the following documents:

**Notice of Reassignment**

On the person(s) listed below:

CT Corporation
Registered Agent for Service of Process
Telsa, Inc.
330 North Brand Blvd., Ste .700
Glendale, CA 91203

__X__ (BY MAIL) I placed the above-described documents in an envelope, sealed the envelope and deposited it with the United States Postal Service on the date herein above with the postage thereon fully prepaid.

_____ (BY FAX) I caused the above-transcribed documents to be transmitted via facsimile to the addressees as set forth above.

_____ (FEDERAL) I declare that I am employed in the office of an attorney admitted to practice in this Court at whose direction the service was made.

__X__ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 14, 2023, at Los Angeles, California.

Shalini Dogra

NOTICE OF REASSIGNMENT POS - Page 1

# EXHIBIT E

RN118956839-1682097187

This is a retention copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

**LAW   553-CA-ARB-e 3/23**

## RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| SHAHAR SEAN COHEN<br><br>Cell: N/A<br>Email:N/A | Cell: N/A<br>Email:N/A | Tesla Motors Inc.<br>45500 Fremont Blvd<br>Fremont, CA 94538<br>Alameda |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| New | 2023 | Tesla<br>Model X | 15 | 397140 | Personal, family, or household unless otherwise indicated below<br>☐ business or commercial |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $10,719.35 |
|---|---|---|---|---|
| 5.99 % | $ 20,002.16 (e) | $ 102,130.00 (e) | $ 122,132.16 (e) | $ 132,851.51 (e) |

(e) means an estimate

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | $ N/A | N/A |
| One Payment of | $ N/A | N/A |
| One Payment of | $ N/A | N/A |
| 72 | $ 1,696.28 | Monthly beginning   06/06/2023 |
| N/A | $ N/A | N/A |
| One final payment | $ N/A | N/A |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
**Prepayment.** If you pay early, you may be charged a minimum finance charge.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

### STATEMENT OF INSURANCE
**NOTICE.** No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

**Vehicle Insurance**

| | | Term | Premium |
|---|---|---|---|
| N/A | Ded Comp., Fire & Theft | N/A Mos. | $ N/A |
| N/A | Ded Collision | N/A Mos. | $ N/A |
| Bodily Injury | N/A Limits | N/A Mos. | $ N/A |
| Property Damage | N/A Limits | N/A Mos. | $ N/A |
| Medical | N/A | N/A Mos. | $ N/A |

Total Vehicle Insurance Premiums   $ N/A

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X *SHAHAR SEAN COHEN*

Co-Buyer X

Seller X *Troy Jones*

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle(s) to arrive at the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s). You understand that the amount quoted is an estimate. Seller agrees to pay the payoff amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s) to the lienholder or lessor of the trade-in vehicle(s), or its designee. If the actual payoff amount is more than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown as the Prior Credit or Lease Balance in Trade-In Vehicle(s), Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on page 5 of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in Trade-In Vehicle(s) or any refund. You agree to sign or provide any documents Seller reasonably requires to effect the transfer of the Trade-In Vehicle to Seller or its designee.

**Buyer Signature X**                    **Co-Buyer Signature X**

### AUTO BROKER FEE DISCLOSURE
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:
☐ Name of autobroker receiving fee, if applicable:    N/A

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X        *SHAHAR SEAN COHEN*                    Co-Buyer Signs X

This retention copy was created on Apr 22, 2023 05:16:15 PM for Tesla, Inc..

Exhibit E, Page 0095

RN118956839-1682097187    This is a retention copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

**ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)**

**1. Total Cash Price**

| | | |
|---|---|---|
| A. Cash Price of Motor Vehicle and Accessories | $ 102,130.00 | (A) |
| 1. Cash Price Vehicle | $ 102,130.00 | |
| 2. Cash Price Accessories | $ N/A | |
| 3. Other (Nontaxable) Describe N/A | $ N/A | |
| 4. Other (Nontaxable) Describe N/A | $ N/A | |
| B. Document Processing Charge (not a governmental fee) | $ N/A | (B) |
| C. Emissions Testing Charge (not a governmental fee) | $ N/A | (C) |
| D. (Optional) Theft Deterrent Device(s) | | |
| 1. (paid to) N/A | $ N/A | (D1) |
| 2. (paid to) N/A | $ N/A | (D2) |
| 3. (paid to) N/A | $ N/A | (D3) |
| E. (Optional) Surface Protection Product(s) | | |
| 1. (paid to) N/A | $ N/A | (E1) |
| 2. (paid to) N/A | $ N/A | (E2) |
| F. EV Charging Station (paid to) N/A | $ N/A | (F) |
| G. Sales Tax (on taxable items in A through F) | $ 9,702.35 | (G) |
| H. Electronic Vehicle Registration or Transfer Charge (not a governmental fee) (paid to) Tesla, Inc. | $ 31.00 | (H) |
| I. (Optional) Service Contract(s) | | |
| 1. (paid to) N/A | $ N/A | (I1) |
| 2. (paid to) N/A | $ N/A | (I2) |
| 3. (paid to) N/A | $ N/A | (I3) |
| 4. (paid to) N/A | $ N/A | (I4) |
| 5. (paid to) N/A | $ N/A | (I5) |
| J. Prior Credit or Lease Balance (e) paid by Seller to N/A (see downpayment and trade-in calculation) | $ 0.00 | (J) |
| K. Prior Credit or Lease Balance (e) paid by Seller to N/A (see downpayment and trade-in calculation) | $ N/A | (K) |
| L. (Optional) Debt Cancellation Agreement or Guaranteed Asset Protection Waiver | $ N/A | (L) |
| M. (Optional) Used Vehicle Contract Cancellation Option Agreement | $ N/A | (M) |
| N. Other paid to N/A For N/A | $ N/A | (N) |
| O. Other paid to N/A For N/A | $ N/A | (O) |
| **Total Cash Price** (A through O) | $ 111,863.35 | (1) |

**2. Amounts Paid to Public Officials**

| | | |
|---|---|---|
| A. Vehicle License Fees | $ 663.00 | (A) |
| B. Registration/Transfer/Titling Fees | $ 316.00 | (B) |
| C. California Tire Fees | $ 7.00 | (C) |
| D. Other N/A | $ N/A | (D) |
| **Total Official Fees** (A through D) | $ 986.00 | (2) |

| | | |
|---|---|---|
| **3. Amount Paid to Insurance Companies** (Total premiums from Statement of Insurance) | $ N/A | (3) |
| **4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee** | $ N/A | (4) |
| **5. Subtotal** (1 through 4) | $ 112,849.35 | (5) |

**6. Total Downpayment**

| | | |
|---|---|---|
| A. Total Agreed Value of Property Being Traded-In (see Trade-In Vehicle(s)): | $ 0.00 | (A) |
| Vehicle 1 $ 0.00 Vehicle 2 $ N/A | | |
| B. Total Less Prior Credit or Lease Balance (e) | $ 0.00 | (B) |
| Vehicle 1 $ 0.00 Vehicle 2 $ N/A | | |
| C. Total Net Trade-In (A–B) | $ 0.00 | (C) |
| Vehicle 1 $ 0.00 Vehicle 2 $ N/A | | |
| D. Deferred Downpayment Payable to Seller | $ N/A | (D) |
| E. Manufacturer's Rebate | $ N/A | (E) |
| F. Other N/A | $ N/A | (F) |
| G. Other N/A | $ N/A | (G) |
| H. Other N/A | $ N/A | (H) |
| I. Cash, Cash Equivalent, Check, Credit Card, or Debit Card | $ 10,719.35 | (I) |
| **Total Downpayment** (C through I) | $ 10,719.35 | (6) |
| (If negative, enter zero on line 6 and enter amount less than zero as a positive number on line 1J and/or 1K above) | | |
| **7. Amount Financed** (5 less 6) | $ 102,130.00 | (7) |

---

**OPTIONAL DEBT CANCELLATION AGREEMENT OR GUARANTEED ASSET PROTECTION WAIVER.** A debt cancellation agreement or guaranteed asset protection waiver (GAP waiver) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy debt cancellation or a GAP waiver, the charge is shown in item 1L of the Itemization of Amount Financed. See your agreement for details on the terms and conditions it provides. It is a part of this contract.

Term N/A Mos. _____

Name of Agreement

I want to buy a debt cancellation agreement or GAP waiver.

Buyer Signs X _____

---

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1I.

I1 Company N/A
Term N/A Mos. or N/A Miles
I2 Company N/A
Term N/A Mos. or N/A Miles
I3 Company N/A
Term N/A Mos. or N/A Miles
I4 Company N/A
Term N/A Mos. or N/A Miles
I5 Company N/A
Term N/A Mos. or N/A Miles
Buyer X _____

---

**Trade-In Vehicle(s)**

1. Vehicle 1
Year N/A Make N/A
Model N/A Odometer N/A
VIN N/A

| | | |
|---|---|---|
| a. Agreed Value of Property | $ | 0.00 |
| b. Buyer/Co-Buyer Retained Trade Equity | $ | N/A |
| c. Agreed Value of Property Being Traded-In (a–b) | $ | 0.00 |
| d. Prior Credit or Lease Balance | $ | 0.00 |
| e. Net Trade-In (c–d) (must be ≥ 0 for buyer/co-buyer to retain equity) | $ | 0.00 |

2. Vehicle 2
Year N/A Make N/A
Model N/A Odometer N/A
VIN N/A

| | | |
|---|---|---|
| a. Agreed Value of Property | $ | N/A |
| b. Buyer/Co-Buyer Retained Trade Equity | $ | N/A |
| c. Agreed Value of Property Being Traded-In (a–b) | $ | N/A |
| d. Prior Credit or Lease Balance | $ | N/A |
| e. Net Trade-In (c–d) (must be ≥ 0 for buyer/co-buyer to retain equity) | $ | N/A |

| | | |
|---|---|---|
| **Total Agreed Value of Property Being Traded-In** (1c+2c) | $ | 0.00 * |
| **Total Prior Credit or Lease Balance** (1d+2d) | $ | 0.00 * |
| **Total Net Trade-In** (1e+2e) | $ | 0.00 * |
| (*See item 6A–6C in the Itemization of Amount Financed) | | |

---

**OPTION: ☐** You pay no finance charge if the Amount Financed, item 7, is paid in full on or before N/A Year N/A.

SELLER'S INITIALS N/A

---

This retention copy was created on Apr 22, 2023 05:16:15 PM for Tesla, Inc..

Exhibit E, Page 0096

RN118956839-1682097187  This is a retention copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

## OTHER IMPORTANT AGREEMENTS

**1.  FINANCE CHARGE AND PAYMENTS**

**a.  How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed. Seller - Creditor may receive part of the Finance Charge.

**b.  How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.

**c.  How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**d.  You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment. As of the date of your payment, if the minimum finance charge is greater than the earned Finance Charge, you may be charged the difference; the minimum finance charge is as follows: (1) $25 if the original Amount Financed does not exceed $1,000, (2) $50 if the original Amount Financed is more than $1,000 but not more than $2,000, or (3) $75 if the original Amount Financed is more than $2,000.

**2.  YOUR OTHER PROMISES TO US**

**a.  If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

**GAP LIABILITY NOTICE**

In the event of theft or damage to your vehicle that results in a total loss, there may be a gap between the amount you owe under this contract and the proceeds of your insurance settlement and deductible. THIS CONTRACT PROVIDES THAT YOU ARE LIABLE FOR THE GAP AMOUNT. An optional debt cancellation agreement for coverage of the gap amount may be offered for an additional charge.

**b.  Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

**c.  Security Interest.**

You give us a security interest in:

- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract as the law allows. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

**d.  Insurance you must have on the vehicle.**

You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e.  What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

**3.  IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

**a.  You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

**b.  You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once, subject to any right the law gives you to reinstate this contract.

Default means:

- You do not pay any payment on time;
- You give false, incomplete, or misleading information during credit application;
- The vehicle is lost, damaged, or destroyed; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c.  You may have to pay collection costs.** You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts. You agree to pay a charge not to exceed $15 if any check you give to us is dishonored.

**d.  We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

**e.  How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). You may redeem the vehicle by paying all you owe, or you may have the right to reinstate this contract and redeem the vehicle by paying past due payments and any late charges, providing proof of insurance, and/or taking other action to cure the default. We will provide you all notices required by law to tell you when and how much to pay and/or what action you must take to redeem the vehicle.

This retention copy was created on Apr 22, 2023 05:16:15 PM for Tesla, Inc..

Exhibit E, Page 0097

RN118956839-1682097187 · This is a retention copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

**f.   We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate shown on page 1 of this contract, not to exceed the highest rate permitted by law, until you pay.

**g.   What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

---

**4.   WARRANTIES SELLER DISCLAIMS**
   **If you do not get a written warranty, and the Seller does not enter into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**
   This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. If the Seller has sold you a certified used vehicle, the warranty of merchantability is not disclaimed.

---

**5.   Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**
   **Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

---

**6.   SERVICING AND COLLECTION CONTACTS**
   In consideration of our extension of credit to you, you agree to provide us your contact information for our servicing and collection purposes. You agree that we may use this information to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you. You agree to allow our agents and service providers to contact you as agreed above.
   You agree that you will, within a reasonable time, notify us of any change in your contact information.

---

**7.   APPLICABLE LAW**
   Federal law and California law apply to this contract. If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

---

**8.   WARRANTIES OF BUYER**
   You promise you have given true and correct information during your application for credit, and you have no knowledge that will make that information untrue in the future. We have relied on the truth and accuracy of that information in entering into this contract. Upon request, you will provide us with documents and other information necessary to verify any item contained in your credit application.

---

**9.   NEGATIVE CREDIT REPORT NOTICE**
   **We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.**

You waive the provisions of Calif. Vehicle Code Section 1808.21 and authorize the California Department of Motor Vehicles to furnish your residence address to us.

---

**CREDIT DISABILITY INSURANCE NOTICE
CLAIM PROCEDURE**

If you become disabled, you must tell us right away. (You are advised to send this information to the same address to which you are normally required to send your payments, unless a different address or telephone number is given to you in writing by us as the location where we would like to be notified.) We will tell you where to get claim forms. You must send in the completed form to the insurance company as soon as possible and tell us as soon as you do.

If your disability insurance covers all of your missed payment(s), WE CANNOT TRY TO COLLECT WHAT YOU OWE OR FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL THREE CALENDAR MONTHS AFTER your first missed payment is due or until the insurance company pays or rejects your claim, whichever comes first. We can, however, try to collect, foreclose, or repossess if you have any money due and owing us or are otherwise in default when your disability claim is made or if a senior mortgage or lien holder is foreclosing.

If the insurance company pays the claim within the three calendar months, we must accept the money as though you paid on time. If the insurance company rejects the claim within the three calendar months or accepts the claim within the three calendar months on a partial disability and pays less than for a total disability, you will have 35 days from the date that the rejection or the acceptance of the partial disability claim is sent to pay past due payments, or the difference between the past due payments and what the insurance company pays for the partial disability, plus late charges. You can contact us, and we will tell you how much you owe. After that time, we can take action to collect or foreclose or repossess any collateral you may have given.

If the insurance company accepts your claim but requires that you send in additional forms to remain eligible for continued payments, you should send in these completed additional forms no later than required. If you do not send in these forms on time, the insurance company may stop paying, and we will then be able to take action to collect or foreclose or repossess any collateral you may have given.

**Electronic Contracting and Signature Acknowledgment.** You agree that (i) this contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

*LAW 553-CA-ARB-e 3/23 v1*   Page 4 of 6

This retention copy was created on Apr 22, 2023 05:16:15 PM for Tesla, Inc..

Exhibit E, Page 0098

RN118956839-1682097187          This is a retention copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

---

**Seller's Right to Cancel**

a.  Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you. You understand that it may take some time for Seller to verify your credit and assign the contract. You agree that if Seller is unable to assign the contract to any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller, Seller may cancel the contract.

b.  Seller shall give you written notice (or in any other manner in which actual notice is given to you) within 10 days of the date this contract is signed if Seller elects to cancel. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give back to you all consideration received by Seller, including any trade-in vehicle.

c.  If you do not immediately return the vehicle, you shall be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.

d.  While the vehicle is in your possession, all terms of the contract, including those relating to use of the vehicle and insurance for the vehicle, shall be in full force and you shall assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage to the vehicle until the vehicle is returned to Seller.

---

**ARBITRATION PROVISION**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1.  **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**

2.  **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**

3.  **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, any allegation of waiver of rights under this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator only on an individual basis and not as a plaintiff in a collective or representative action, or a class representative or member of a class on any class claim. The arbitrator may not preside over a consolidated, representative, class, collective, injunctive, or private attorney general action. You expressly waive any right you may have to arbitrate a consolidated, representative, class, collective, injunctive, or private attorney general action. You or we may choose the American Arbitration Association (www.adr.org) or National Arbitration and Mediation (www.namadr.com) as the arbitration organization to conduct the arbitration. If you and we agree, you or we may choose a different arbitration organization. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this transaction was originated. We will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee up to a maximum of $5,000, unless the law or the rules of the chosen arbitration organization require us to pay more. You and we will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee over $5,000 in accordance with the rules and procedures of the chosen arbitration organization. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate any related or unrelated claims by filing any action in small claims court, or by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual or statutory public injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. You agree that you expressly waive any right you may have for a claim or dispute to be resolved on a class basis in court or in arbitration. If a court or arbitrator finds that this class arbitration waiver is unenforceable for any reason with respect to a claim or dispute in which class allegations have been made, the rest of this Arbitration Provision shall also be unenforceable.

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

This retention copy was created on Apr 22, 2023 05:16:15 PM for Tesla, Inc..

Exhibit E, Page 0099

RN118956839-1682097187

This is a retention copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X *SHAHAR SEAN COHEN*                                          Co-Buyer Signs X

**SELLER'S RIGHT TO CANCEL** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on page 5 of this contract giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

Buyer X *SHAHAR SEAN COHEN*                                          Co-Buyer X

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
  WARNING:
  YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
  FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
  THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S X *SHAHAR SEAN COHEN*                                          X

**Notice to buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof. After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X *SHAHAR SEAN COHEN*                                          Co-Buyer Signature X

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**
California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ ALL PAGES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON PAGE 5, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

Buyer Signature X *SHAHAR SEAN COHEN*   Date 04/22/2023   Co-Buyer Signature X   N/A   Date N/A
Buyer Printed Name  SHAHAR SEAN COHEN                 Co-Buyer Printed Name  N/A

If the "business" use box is checked in "Primary Use for Which Purchased" Print Name _____ Title N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X   N/A                Address   N/A

**GUARANTY:** To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract and extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.
Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X   N/A                Date   N/A            Guarantor X   N/A                Date   N/A
Address                 N/A                              Address                 N/A

Seller Signs   Tesla Motors Inc.   Date  04/22/2023  By X  *Troy Jones*   Title   President

**LAW** FORM NO. 553-CA-ARB-e (REV. 3/23)
©2023 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

*LAW 553-CA-ARB-e 3/23 v1*   Page 6 of 6

This retention copy was created on Apr 22, 2023 05:16:15 PM for Tesla, Inc..

Exhibit E, Page 0100